CLAIR *v.* CLAIR.

[Cite as Clair v. Clair (1970), 25 Ohio Misc. 238.]

(No. 55980—Decided November 25, 1970.)

Common Pleas Court of Allen County.

*Mr. Richard C. Bennett,* for plaintiff.
*Mr. Lawrence S. Huffman,* for defendant.

HARNISHFEGER, J. The matter before the court is the motion of the defendant herein asking the court to set aside its former order of custody and support and temporary restraining order.

The facts are as follows: On October 1, 1970, the plaintiff filed her complaint for divorce and custody of the minor children. On the same date, the plaintiff filed her motion for custody and support of minor children, and also for temporary alimony. The motion for temporary ali-

mony, and custody and support of minor children was supported by a separate detailed affidavit of the plaintiff, also filed on October 1, 1970.

The plaintiff asked for personal service on the defendant, and the sheriff's return shows that personal service was made upon defendant on October 5, 1970.

The court granted the temporary order which was requested by the plaintiff, and the entry (prepared in advance by counsel for plaintiff) was filed with the clerk of courts on October 5, 1970. On October 8, 1970, the defendant filed his counter affidavit. Also, on October 8, 1970, the defendant filed his motion to set aside the order, on the grounds that the defendant had not had opportunity to file his counter affidavit prior to the ruling of the court.

Rule 75 (N), Ohio Rules of Civil Procedure, is applicable. That rule provides as follows:

"(1) When requested in the complaint, answer or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or referee, without oral hearing and for good cause shown, may grant alimony pendente lite to either of the parties for his sustenance and expenses during the suit and may make a temporary order regarding the custody, support, maintenance and care of minor children of the marriage, whether natural or by adoption, during the pendency of the action for divorce, annulment or alimony.

"(2) Counter affidavits may be filed by the other party within ten days from the service of the complaint, answer, counterclaim or motion, all affidavits to be used by the court or referee in making a temporary alimony, child custody, support and care order; and, upon request in writing after any temporary alimony or child custody and support order is journalized, the court shall grant the party so requesting an oral hearing within twenty-eight days to modify such temporary order. A request for oral hearing shall not suspend or delay the commencement of alimony or support payments previously ordered or change

the custody of children until the order is modified by journal entry after the oral hearing.''

Thus, the intention of the rule is to enable the judge or referee to have all necessary factual information available, not later than ten days following the day of service on the defendant, or other party, and to eliminate, in most instances, the necessity of an oral hearing.

Paragraph (2) of said rule does give to either party, the right to an oral hearing, if requested, but only *after* the counter affidavits have been filed, and the order, based upon the affidavit and counter affidavit has been made. Paragraph (2) clearly states that ''the other party shall have ten days from the service of the complaint, answer, counterclaim or motion, *all affidavits* to be used by the court or referee in making a temporary alimony, child custody, support and care order; * * *''

In the instant case, where the order had been made prior to the filing of the counter affidavit, a request for an oral hearing would have been granted, but, pursuant to paragraph (2) of said rule, the order could not be modified, until the oral hearing.

This court holds that an *ex parte* order for temporary alimony, and temporary custody and support of minor children can not be granted sooner than the filing of the counter affidavit, *or* the expiration of ten days after the service of the complaint, answer, counterclaim, motion, and affidavits, whichever is earlier.

To interpret said rule otherwise would not give proper effect to any counter affidavit, which might be filed (as in the instant case) and would make an oral hearing mandatory, where (as here) the temporary order had already been filed.

The court therefore finds that the motion to set aside said order is well taken, and sustained.

*Motion sustained.*